CARROTHERS, Appellee,

v.

OHIO BUREAU OF MOTOR VEHICLES, Appellant.

[Cite as *Carrothers v. Ohio Bur. of Motor Vehicles* (1992), 81 Ohio App.3d 826.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005223.

Decided July 22, 1992.

*Gary L. Carrothers,* for appellee.

*Lee Fisher,* Attorney General, and *Amy Nash Galian,* Assistant Attorney General, for appellant.

---

CACIOPPO, Judge.

On March 20, 1991, appellant, state of Ohio, Bureau of Motor Vehicles ("BMV"), notified appellee, Caryn L. Carrothers, that her driver's license was under suspension because of her failure to satisfy a judgment against her resulting from an automobile accident. On March 29, 1991, Carrothers filed a notice of appeal of the suspension in the court of common pleas. A copy of the notice of appeal was mailed to the BMV by Carrothers via certified mail. The clerk of courts also sent a copy of the notice of appeal to the BMV.

Appellee moved for summary judgment. Appellant moved to dismiss the appeal for Carrothers' failure to timely file the notice of appeal. Appellee responded to the motion. Appellee attached a copy of the return receipt which was dated April 3, 1991.

The trial court denied the motion to dismiss and granted summary judgment in Carrothers' favor. The BMV appeals, asserting two assignments of error. We affirm.

### Assignment of Error I

"Standard of review."

██ Appellant's first assignment of error fails to assign any error committed by the trial court. However, the parties agree that we cannot reverse the judgment of the trial court unless the court abused its discretion.

The first assignment of error is overruled.

### Assignment of Error II

"The lower court abused its discretion in finding that appellee's appeal was timely filed."

██ Appellant asserts in its second assignment of error that the trial court abused its discretion by finding that Carrothers timely filed her notice of appeal.

The BMV asserts that Carrothers failed to file her notice of appeal within fifteen days of its notice of suspension, as required by R.C. 119.12. R.C. 119.12 states in pertinent part:

"Any party adversely affected by any order of an agency * * * revoking or suspending a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident * * *.

" * * *

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."

This section clearly requires that one who wishes to appeal must file a notice of appeal with the agency within fifteen days of the date of the order from which the appeal is taken. A copy of the notice of appeal must also be filed with the court of common pleas.

In the case at bar, the BMV's order was dated March 20, 1991. To be timely filed, the notice of appeal must have reached the BMV by April 4, 1991. Appellant asserts that it did not receive the notice of appeal until April 8, 1991, as evidenced by the dated return receipt. However, that return receipt was from a copy of the notice of appeal mailed by the clerk of the court of common pleas. Carrothers mailed a copy of her notice of appeal to the BMV,

as required by R.C. 119.12, which the BMV received on April 3, 1991. The same BMV agent's signature appears on both return receipt cards.

Appellant received Carrothers' notice of appeal within fifteen days of the date of its notice of suspension, as required by R.C. 119.12. Therefore, the trial court did not err by finding that Carrothers' notice of appeal was timely filed.

The second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and REECE, J., concur.